## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

**DAVID LIBRACE**                                                                        **PLAINTIFF**

**v.**                                        **No. 2:18-CV-00079-JM-JTR**

**FLORIDA DEPARTMENT OF LAW
ENFORCEMENT and FLORIDA STATE
ATTORNEY OFFICE, First Judicial Circuit**                        **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

On June 5, 2018, Plaintiff David Librace ("Librace") filed a Motion for Leave to Proceed *In Forma Pauperis* and this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *Docs. 1 and 2*. The case has been referred for recommended disposition. *Doc. 3*.

1

Because Librace is not a prisoner, his § 1983 Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2), rather than under the counterpart provisions of the Prison Litigation Reform Act. Pursuant to the screening function mandated by 28 U.S.C. § 1915(e)(2),[1] the Court has carefully considered the Complaint and finds that Librace's claims are legally frivolous, fail to state a claim upon which relief may be granted, and seek monetary relief against defendants immune from such relief.

## II.  Discussion

Librace alleges that, in December of 1999, the State Attorney Office for the 1st Judicial Circuit of Florida ("Florida State Attorney Office") filed an amended plea and probation stipulation in a criminal case against him without a hearing and without notifying Librace or his counsel.[2] He further claims that some thirteen years later, on April 7, 2015, the Florida Department of Law Enforcement ("FDLE") filed a response to the Librace's request to seal his criminal record in state court and refused to correct alleged errors in his criminal record when brought to its attention. *Id*. Librace seeks "damages for libel, slander, and the denial of Civil Rights

---

[1] The court shall dismiss a proceeding *in forma pauperis* at any time if the court determines that: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Librace claims he had earlier agreed to two years' probation in exchange for an "Order of Withholding Adjudication of Guilt." *Doc. 2, p. 2*. Librace does not provide any details about what amendments the Florida State Attorney Office made to the plea and probation stipulation, but claims the Florida State Attorney Office changed his plea.

guaranteed by the Constitution," and further requests that this Court order the Defendants to seal and correct their records or "completely dismiss the charges." *Doc. 2, p. 4*. Liberally construing the Complaint, Librace asserts due process violations and defamation claims against both Defendants.

## A.    Sovereign Immunity

The FDLE and State Attorney Office are the sole Defendants to whom Librace attributes all acts and omissions forming the basis for his claims.[3]  These entities are not suable under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir.1999) (§ 1983 suit cannot be brought against state agency); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 81 (8th Cir.1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Midflet v. Circuit Court of Jackson Cnty.*, 827 F.2d 343, 345 (8th Cir.1987) ("[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the Eleventh Amendment."). Therefore, this suit is barred by the Eleventh Amendment, and the Court recommends dismissal without prejudice for this reason.

---

[3]  Librace claims he "did have a history with State Attorney Bill Eddins defense attorney for William Chester Cole and former Chief Justice Kim Skevaski State Attorney," *Doc. 2, p. 4*, based on his role as a witness in a separate case in which he was ultimately found in contempt for refusing to testify. Although this allegation may be relevant to potential motive for the Florida State Attorney Office changing Librace's plea, Librace alleges no involvement, wrongful or otherwise, by any of these individuals in the resolution of the state charges at issue in this case.

**B.    Absolute Immunity**

Prosecutors are entitled to absolute immunity from lawsuits arising from their prosecutorial functions, such as the initiation and pursuit of a criminal prosecution. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006); *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003); *see also Hayden v. Nevada Cty., AR*, 664 F.3d 770, 772 (8th Cir. 2012) (holding that a prosecutor's conduct related to plea bargaining is entitled to absolute immunity). Librace's claims against the Florida State Attorney Office arise from its prosecutorial functions. Thus, those claims must be dismissed, with prejudice, because the Florida State Attorney Office and its prosecutors are entitled to absolute immunity.

Likewise, FDLE's response to Librace's request to seal his criminal record in state court is entitled to absolute immunity.[4] Therefore, the Court recommends dismissing Librace's claims, with prejudice, because Defendants are entitled to absolute immunity.

---

[4] *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 383 (Fla. 2007) (In Florida, the litigation privilege "essentially provid[es] legal immunity for actions that occur in judicial proceedings."); *Briscoe v. LaHue*, 460 U.S. 325, 331–32 (1983) ("The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law ..." (footnote omitted)); *Mock v. Chicago, Rock Island & Pac. R.R. Co.*, 454 F.2d 131, 133 (8th Cir.1972) ( "[Absolute] privilege is generally applied to pertinent statements made in formal judicial proceedings...."). This absolute immunity extends to an attorney's written and oral submissions to a court. *See Imbler v. Pachtman*, 424 U.S. 409, 426 n. 23 (1976).

### C.    Defamation

Librace also claims "the incorrect and altered documents have been used to slander, insult, and have acts of violence against" him. *Doc. 2, p. 4*. Librace does not say *who* has used the documents against him, or *how*. Thus, this allegation is insufficient to state a defamation claim against either Defendant. More importantly, "[d]amages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975). Therefore, the Court recommends dismissing Librace's defamation claims for failure to state a claim for which relief may be granted.

### D.    *Rooker-Feldman*

Federal district courts are empowered to exercise only original, not appellate, jurisdictions. Suits inviting federal courts to review and reverse unfavorable state-court judgments in the first instance are subject to dismissal for want of subject-matter jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). "The *Rooker–Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

In his Complaint, Librace alleges errors and amendments contained in a state criminal judgment have caused him injuries and he invites this Court to review and reject that judgment by ordering Defendants to correct or seal the record or ordering the "charges completely dismissed." *Doc. 2, p. 4*. Thus, this case falls squarely within the bounds of the *Rooker-Feldman* doctrine, and the Court recommends dismissal of Librace's Complaint for want of subject-matter jurisdiction.

### E.    *Heck v. Humphrey*

Librace also requests the Court to "[dismiss] all charges" against him. *Doc. 2, p. 4*. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court held that, if a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, then the plaintiff cannot bring a § 1983 claim until that conviction or sentence is invalidated by the highest state court or a federal habeas court.[5] Here, Librace did not assert that his state criminal judgment in Florida had been set aside

---

[5] *See also Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (quoting *Heck*, 512 U.S. at 490 n. 10) ("the principle barring collateral attacks–a longstanding and deeply rooted feature of both the common law and our own jurisprudence–is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (ruling that *Heck v. Humphrey* pertains to constitutional challenges to the fact or duration of parole and probation).

or otherwise held invalid. To the extent that Librace attempts to have the Court modify that judgment, Librace fails to state a cognizable claim under § 1983.

## F.    Statute of Limitations

Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as "frivolous" when it is apparent from the face of the complaint that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 750–51 (8th Cir.1992); *Denoyer v. Dobberpuhl*, Case No. 99–3941, 2000 WL 199764 (8th Cir. Feb. 18, 2000) (unpublished opinion) (same). The limitations period for commencing a § 1983 action arising in Florida is four years.[6] *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Librace alleges the unlawful acts by the Florida State Attorney Office occurred on December 13, 1999, almost 20 years before he initiated this action. His Complaint makes clear that the Florida State Attorney Office filed the *ex parte* amendments to the plea and probation stipulation in the criminal court record on December 13, 1999, *before* the case was closed. The amendments would have been apparent to a person with a reasonably prudent regard for his rights within a reasonable amount of time from the filing. *See Reeb v. Economic Opportunity*

---

[6] Such a cause of action accrues when a plaintiff knows or should know (1) that he has suffered the injury that forms the basis of his complaint and (2) who has inflicted the injury. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing *Mullinax v. McElhenny*, 817 F.2d 711, 716 (11th Cir. 1987)).

*Atlanta, Inc.*, 512 F. 2d 924, 930 (5th Cir. 1975). Thus, the Court recommends dismissing Librace's claims against the Florida State Attorney Office as time-barred.[7]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this civil action be DISMISSED in its entirety, without prejudice, under 28 U.S.C. §1915(e)(2)(B); and the Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, be DENIED as moot.

Dated this 25th day of June, 2018.

UNITED STATES MAGISTRATE JUDGE

---

[7] Librace is not entitled to equitable tolling. The law of the state where the action arose governs the equitable tolling principles that apply in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989). Under Florida law, the tolling doctrine has been applied when (1) the plaintiff has been misled or lulled into inaction, (2) has in some extraordinary way been prevented from asserting his rights, or (3) has timely asserted his rights mistakenly in the wrong forum. *Machules v. Dep't of Admin.*, 523 So.2d 1132, 1133-34 (Fla. 1988).

Librace does not allege any facts to demonstrate he was prevented from asserting his rights in some extraordinary way or that he timely asserted those rights mistakenly in the wrong forum. To the extent the Court could construe the Complaint as alleging that Librace was misled or lulled into inaction based on any representations by the State Attorney Office at the October 1999 hearing, any tolling ceased either when the allegedly altered documents were filed into the court record in December 1999 or when the criminal case was closed. At some point during that time, Librace or his counsel had an obligation to be aware of the public filings in his criminal court case and bring any discrepancies to the court's attention. Any alleged concealment or "lulling" by the Florida State Attorney Office cannot excuse Librace's waiting almost 20 years to bring these claims.